UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  21-CV-22531-WILLIAMS/O'SULLIVAN

165TH STREET, LLC,

    Plaintiff,
v.

CERTAIN UNDERWRITERS AT
LLOYD'S, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint (DE# 4, 7/22/21). This matter was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge, in accordance with 28 U.S.C. § 636(b) (DE# 4, 7/22/21). Having reviewed the Court filings and having heard argument from the parties' counsel, it is respectfully recommended that the Defendants' Motion to Compel Arbitration be DENIED as moot and the Defendants' Motion to Dismiss Plaintiff's Complaint (DE# 4, 7/22/21) be GRANTED in part and the case be STAYED.

## BACKGROUND AND INTRODUCTION

In an Order dated February 11, 2019 entered by Judge Federico A. Moreno in Case No. 18-25177-CIV-Moreno, the plaintiff's previously filed claim was compelled to arbitration and dismissed.

The plaintiff filed another Complaint against the defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case. No. 2021-014056-CA-01.  The defendants removed the state court case to this Court.

The plaintiff and the defendants are parties to a series of insurance contracts globally referred to as "the Policy."  Pursuant to the terms and conditions, the Policy insures the plaintiff's property located in Miami-Dade County. This action arises from the plaintiff's claim under the Policy for Hurricane Irma damages to the property and a dispute that arose between the parties regarding the insurance claim.  The Policy contains a mandatory arbitration provision.

The plaintiff filed the Plaintiff's Response to Defendant's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint (DE# 5, 8/5/21).  The plaintiff opposes the defendants' request for dismissal of the present action and expressly requests a stay of the subject action while the arbitration is pending.

The defendants filed the Defendants' Reply to Plaintiff's Response to Defendants' Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint (DE# 9, 8/12/21).

The motion is ripe for disposition.

On September 13, 2021, the undersigned held a hearing on the defendant's motion.  At the hearing, the parties agreed to return to arbitration. The plaintiff indicated that it appointed an arbitrator and the parties' respective arbitrators agreed to an umpire.  The parties did not agree as to whether the case should be stayed as the plaintiff requested or dismissed as the defendants requested.  See Motion at (DE# 4, 7/22/21); Response at 2-3 (DE# 5, 8/5/21); and Reply at 2-4 (DE# 9, 8/12/21).

**ANALYSIS**

Because the parties agree to return their dispute to arbitration, the undersigned respectfully recommends that the Defendants' Motion to Compel Arbitration (DE# 4, 7/22/21) be DENIED as moot. The parties do not agree as to whether the case should be dismissed or stayed while the arbitration is pending. As discussed below, the undersigned respectfully recommends that the Defendants' Motion to Dismiss Plaintiff's Complaint (DE# 4, 7/22/21) be GRANTED in part and the case be STAYED while the parties' arbitration is pending.

The defendants seek dismissal of the plaintiff's Complaint based on Judge Moreno's prior Order as well as the arbitration provision in the parties' subject insurance policy. Although the title of the defendants' Motion seeks dismissal, the first paragraph and the wherefore paragraph alternatively suggest a stay of the litigation pending completion of the arbitration. Motion at 1, 6 (DE# 4, 7/22/21). The defendants' Motion does not cite case law regarding dismissal specifically. In their Reply, the defendants argue that the plaintiff's Complaint is moot based on Judge Moreno's prior Order compelling arbitration and dismissing the plaintiff's Complaint in a previously filed action.

In the Plaintiff's Response (DE# 5, 8/5/21), the plaintiff requests that this Court stay the action while the arbitration is pending. To support its request for a stay, the plaintiff relies on the following cases: iDoc Holdings, Inc. v. Goethals, No. 21-cv-21540-BLOOM/Otazo-Reyes, 2021 WL 2895635, at *4 (S.D. Fla. July 9, 2021) (quoting VVG Real Estate Invs. v. Underwriters at Lloyd's, London, 317 F. Supp. 3d 1199, 1207 (S.D. Fla. 2018); Norfork S. Ry. Co.  v. Fla. E. Coast Ry., LLC, No. 3:13-CV-57-J-34JRK,

2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014); Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir. 1992).

Section 3 of the Federal Arbitration Act ("FAA") provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties *stay* the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  The stay provision is mandatory. Id. In Shearson/ American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987), the Supreme Court held that a "court must stay its proceedings if it is satisfied that an issue before it is arbitrable...."  McMahon, 482 U.S. at 226. Likewise, the Eleventh Circuit holds that "[u]pon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."  Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir. 1992) (citing 9 U.S.C. § 3).

In the present case, the plaintiff requested a stay.  See Response at 2-3 (DE# 5, 8/5/21).  The defendants have not cited any cases that address a dismissal in light of the mandatory stay provision of Section 3 of the FAA.  Where, as here, a party requests a stay, the Court must stay the action.  9 U.S.C. § 3; McMahon, 482 U.S. at 226; Bender, 971 F.2d at 699.  The Court should grant in part the Defendants' Motion to Dismiss Plaintiff's Complaint (DE# 4, 7/22/21) and should stay this action.

## **RECOMMENDATION**

In accordance with the foregoing Report and Recommendation, it is respectfully

recommended that the Defendants' Motion to Compel Arbitration (DE# 4, 7/22/21) be DENIED as moot and the Defendants' Motion to Dismiss Plaintiff's Complaint (DE# 4, 7/22/21) be GRANTED in part and the action be STAYED while the arbitration is proceeding.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Kathleen M. Williams, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND ORDERED, in Chambers, at Miami, Florida, this **16th** day of September, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE